UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21202-BLOOM/Otazo-Reyes**

YOLANDA RAMIREZ,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

_____/

**OMNIBUS ORDER ON MOTIONS *IN LIMINE***

**THIS CAUSE** is before the Court upon Plaintiff Yolanda Ramirez's Omnibus Motion *in Limine*, ECF No. [45] ("Plaintiff's Motion *in Limine*"), and Defendant Carnival Corporation's Omnibus Motion *in Limine*, ECF No. [41] ("Defendant's Motion *in Limine*"). Both Motions have been fully briefed[1] and are ripe for the Court's consideration. The Court has reviewed the Motions, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion *in Limine* is granted in part and denied in part and Defendant's Motion *in Limine* is granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff initiated this maritime personal injury action against Defendant on April 18, 2022. ECF No. [1] ("Complaint"). The Complaint alleges three claims: negligent failure to correct known

---

[1] Defendant filed a Response in Opposition to Plaintiff's Motion *in Limine*, ECF No. [49], to which Plaintiff filed a Reply, ECF No. [55]. Plaintiff filed a Response in Opposition to Defendant's Motion *in Limine*, ECF No. [54], to which Defendant filed a Reply, ECF No. [63].

dangerous conditions ("Count I"), negligent failure to warn ("Count II"), and negligent maintenance ("Count III"). *See generally id.*

On August 17, 2019, Plaintiff was a passenger aboard Defendant's ship, *M/S Carnival Vista*. Plaintiff alleges that on that date, she "was descending the interior stairwell…when her shoe became caught in a raised nosing on the step, causing Plaintiff to trip and fall down the stairwell and causing significant injuries." ECF No. [1] ¶ 13.

On February 15, 2023, Plaintiff and Defendant each filed a Motion *in Limine*, ECF Nos. [41], [45], seeking to preclude the admission of certain evidence and/or testimony at trial.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 06-MD-1769, 07-CV-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 16-CV-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 01-CV-545, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as

they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

### III. DISCUSSION

#### A. Plaintiff's Motion *in Limine*

Plaintiff seeks to preclude Defendant from introducing evidence or testimony (1) about a lack of prior incidents; (2) from its corporate representative that deviates from her deposition testimony; (3) about preexisting medical conditions; or (4) about the number of times Plaintiff's counsel has filed lawsuits against Defendant. *See generally* ECF No. [45]. Defendant responds that (1) testimony and evidence about lack of prior incidents is relevant and admissible; (2) it does not intend to change the testimony provided by its corporate representative; (3) plaintiff's preexisting

conditions are relevant and therefore admissible; and (4) it does not intend to introduce evidence regarding the number of lawsuits previously filed by Plaintiff's counsel against it. *See generally* ECF No. [49].

### i. Lack of Prior Incidents

Plaintiff argues that Defendant should not be permitted to offer testimony, evidence, or argument about a lack of prior accidents or injuries on the stairs where plaintiff fell. Plaintiff further contends that Defendant should not be permitted to introduce evidence of the number of passengers who "have cruised on Carnival's Vessels without incident." ECF No. [45] at 1. Defendant argues that its evidence is not clearly inadmissible and is highly relevant to the defense of lack of notice and to the controversy of whether the alleged condition presented an unreasonable risk of harm.

"Evidence on the lack of similar incidents is admissible if the offering party lays the proper foundation." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017) (citation omitted). "Evidence of the absence of prior accidents is admissible, but the party seeking to rely on it must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Holderbaum v. Carnival Corp.*, No. 13-CV-24216, 2015 WL 12085846, at *3 (S.D. Fla. Mar. 4, 2015) (quotations and citation omitted).

Plaintiff argues that Defendant cannot lay the necessary foundation regarding substantial similarity. Plaintiff contends that based on the discovery in this case, "the parties cannot reliably determine how many prior passengers traversed the stairs at issue, how often those prior passengers traversed the stairs, the frequency of use of the stairs, whether any of the prior passengers that did traverse the stairs walked over the precise location on the stairs where Plaintiff's fall occurred, the type of footwear the prior passengers were using, the lighting conditions on prior occasions, or the cleaning and/or maintenance protocols employed or not employed on prior occasions." ECF No.

4

[45] at 3. However, Plaintiff has alleged that the staircase is a high traffic area. *See* ECF No. [1] ¶ 16. Defendant asserts that, as such, it "should be allowed to introduce evidence to lay the requisite foundation at trial." ECF No. [49] at 4.

The Court does not find that the proposed evidence is clearly inadmissible on all potential grounds. *Gonzalez*, 718 F. Supp. 2d at 1345. Here, as in *Holderbaum*, the evidence is relevant to the defense of lack of notice. 2015 WL 12085846, at *4 (quoting *Koloda v. Gen. Motors Parts Div., Gen Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983) ("The only feasible way of demonstrating lack of notice is to show that the channels which would have normally yielded such information (i.e., reports of prior claims or complaints) did not do so. Such a means of proof should not be precluded without good cause.")). As a result, Plaintiff's Motion *in Limine* to exclude such evidence is denied.

### ii. Scope of Corporate Representative's Permissible Testimony

Plaintiff argues the designated corporate representative's deposition testimony is binding on Defendant, so the corporate representative should be precluded from contradicting or varying from deposition testimony at trial. Defendant responds that it has no intention of changing the testimony provided by its corporate representative, but its corporate representative should not be precluded from providing information at trial that Defendant learns of following the corporate representative's deposition. Because Plaintiff does not indicate how Defendant's corporate representative's testimony might change, or why Plaintiff would not be able to address any such change upon cross-examination, Plaintiff fails to meet her burden of establishing that such evidence should be excluded.

### iii. Preexisting Medical Conditions

Plaintiff contends that Defendant should not introduce evidence about preexisting conditions not related to her traumatic brain injury, back injury, neck injury, and right shoulder

5

injury because they are irrelevant. Defendant responds that Plaintiff's pre-fall vertigo is highly relevant and admissible and that her failure to attach medical records makes her motion deficient.

Plaintiff claims that she sustained damages that include "a traumatic brain injury leading to post traumatic headaches and dizziness, anxiety, neck pain, back pain, shoulder pain, and extensive physical therapy and suffered pain therefrom, and sustained mental anguish, disability and the inability to lead a normal life." ECF No. [1] ¶ 17. As such, Plaintiff herself has implicated any preexisting injuries and conditions, which are relevant to prove pain and mental anguish. *See, e.g. Santana v. Carnival Corp.*, No. 09-CV-23113, 2011 WL 13220283, at *6 (S.D. Fla. Sept. 7, 2011) ("any preexisting injuries that Plaintiff had before her accident from this case are certainly relevant . . . concerning damages and preexisting conditions."); *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069-70 (11th Cir. 2014) ("The defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense."). Plaintiff fails to persuade the Court that such evidence should be excluded under Rule 403, and Plaintiff's motion to exclude evidence of her other medical conditions, including her previous treatment for vertigo, is denied.

### iv. Number of Times Plaintiff's Counsel Filed Lawsuits Against Defendant

Finally, Plaintiff argues Defendant should not be permitted to offer testimony, evidence, or argument about the number of times her counsel, Gerson & Schwartz, P.A. has filed a lawsuit against Defendant. Defendant responds it has no intention of introducing such evidence. Accordingly, Plaintiff's Motion is granted on this issue.

### B. Defendant's Motion *in Limine*

Defendant seeks to preclude Plaintiff from introducing (1) evidence of prior incidents; (2) evidence of nonselective industry standards; (3) evidence of the total amounts charged by Plaintiff's medical providers unless Defendant is permitted to introduce evidence pertaining to her

financial agreements with treating providers; (4) evidence of damages not disclosed during discovery; (5) a monetary amount of pain and suffering damages; and (6) testimony related to general issues. *See generally* ECF No. [41]. Plaintiff responds that she (1) should permitted to introduce evidence of prior incidents, (2) does not intend to introduce evidence about nondisclosed industry standards; (3) should be permitted to introduce evidence about medical damages without warranting Defendant's introduction of evidence about letters of protection; (4) does not plan to introduce evidence of undisclosed damages; (5) should not be precluded from suggesting an amount of pain and suffering damages; and (6) agrees that testimony related to the enumerated general issues should be precluded as long as the prohibition applies to both parties. *See generally* ECF No. [54].

### i.  Prior Incidents

Defendant argues Plaintiff should be precluded from introducing incidents which are not substantially similar to Plaintiff's incident to establish that it had constructive notice of the condition that allegedly caused Plaintiff's injury. Plaintiff responds that the twelve disclosed prior incidents occurring on *Vista* class ships are substantially similar.

"[E]vidence of similar accidents might be relevant to defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Jones v. Otis Elevator Co.*, 861 F.2d 665, 661 (11th Cir. 1988) (quoting *Ramos v. Liberty Mutual Ins. Co.*, 615 F.2d 334, 338 (5th Cir. 1980)). In order to be admissible, "conditions substantially similar to the occurrence in question must have caused the prior accident," and "the prior accident must not have occurred too remote in time." *Id*. at 662-63 (citations omitted). Overall, "[d]etermining the remoteness of evidence is within the trial judge's discretion." *Id*. at 663 (citation omitted)

As noted in the Order on Defendant's Motion for Summary Judgment, ECF No. [81], there were two (2) prior fall incidents on different sections of the relevant stairway aboard the *Vista*. ECF No. [81] at 29. Ten other instances of guests tripping or falling on interior stairways of *Vista* Class ships were also disclosed. *Id*. at 5. Moreover, Defendant's corporate representative indicated that the "nosing" involved in Plaintiff's fall was an anti-skid strip present on all steps throughout the ship. ECF No. [42-2] ¶ 11. The prior incidents occurred within three years of Plaintiff's fall, and are not too remote in time, especially where there is no evidence that there was a significant change in the conditions of the staircases involved in those incidents.

Defendant's argument that there are some differences between the allegedly similar prior incidents and Plaintiff's fall is not dispositive. The Eleventh Circuit has held that "the 'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015). Although there is no direct evidence whether the nosing was the same on all *Vista* class ships, it is possible that a proper predicate may be laid to introduce evidence of the twelve prior instances. Accordingly, Defendant's request to exclude evidence of prior incidents is denied at this point.

### ii.    Industry Standards

Defendant contends that Plaintiff should not be permitted to introduce evidence of nonselective industry standards as evidence of its fault despite not disclosing any alleged industry standards it may or may not have violated. Plaintiff responds that she "does not know to what Carnival may be referring to by this motion." ECF No. [54] at 3. In its Reply, Defendant cites to *Johnson v. Carnival Corp.*, No. 19-CV-23167, 2021 WL 1379209 (S.D. Fla. Apr. 12, 2021). In that case, this Court held that because Plaintiff responded that she did not know what Carnival may be referring to as nebulous industry standards, "it does not appear that there is a true disagreement

with respect to such evidence and Defendant's motion in limine with respect to industry standards not disclosed is granted." *Id*. at *5. Here too, Defendant's second Motion *in Limine* is granted for the same reason.

### iii.   Financial Agreements with Treating Providers

Defendant contends that if Plaintiff introduces the total amounts charged by her medical providers for her treatment, then it should be able to introduce evidence pertaining to Plaintiff's financial agreements with her treating providers. Plaintiff responds that she can introduce evidence of the total amount of her medical damages and doing so does not warrant Defendant's introduction of evidence pertaining to letters of protection with her treating physicians.

The Eleventh Circuit's decision in *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020), is binding. In *Higgs*, the Eleventh Circuit held that "the appropriate measure of medical damages in a maritime tort case is that reasonable value determined by the jury upon consideration of any relevant evidence, including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer." 969 F.3d at 1299 (11th Cir. 2020). "Both the amount billed by healthcare providers *and* the amount paid by insurers are admissible as relevant to the question of fixing reasonable value." *See id*. at 1308 (emphasis in original). Furthermore, the Eleventh Circuit expressly stated that "a write-off of medical expenses is not a collateral source payment." *Id*. at 1315-16. As such, in the instant case, if Plaintiff introduces the total amount of her medical charges, Defendant is permitted to introduce evidence of letters of protection with her treating physicians.

### iv.   Limit on Economic Damages

Defendant asserts that Plaintiff should be precluded from introducing evidence of damages not disclosed during discovery, so she should be limited to a maximum award of $59,530.00 in economic damages. Plaintiff responds that while she "does not plan to introduce new, previously

undisclosed damages now that discovery has closed" she "should be allowed to present evidence of the most up-to-date bills at trial to the extent any of [her] medical bills have been updated or revised and have been secured by the parties in discovery." ECF No. [54] at 7.

Because Defendant does not indicate why it would not be able to address any change to Plaintiff's claimed economic damages upon cross-examination, Defendant fails to meet its burden of establishing that such evidence should be excluded.

### v.     **Pain and Suffering Damages**

Defendant argues that Plaintiff should be precluded from suggesting a monetary amount for pain and suffering damages since her Rule 26 disclosure did not quantify such an amount. Plaintiff responds that she should not be precluded from suggesting a monetary amount because Defendant has not claimed or provided a basis as to how they will be prejudiced by her doing so. Plaintiff further asserts that she will amend her Rule 26 disclosure to provide a calculation of her non-economic damages.

On September 15, 2022, Magistrate Judge Otazo-Reyes issued an Order directing Plaintiff to amend her initial disclosures to provide the categories of economic and non-economic damages she intended to claim. ECF No. [20]. That Order instructed Plaintiff to specify the amount of such damages to the extent that mount had been computed or estimated. *Id*. Defendant contends that it will be prejudiced if Plaintiff now, after discovery has closed, computes or estimates the amount of pain and suffering damages. The Court agrees that Plaintiff's failure to timely update her Rule 26 disclosures prior to the close of discovery warrants precluding her from suggesting a monetary amount for pain and suffering damages.

### vi.     **General Issues**

Defendant argues that reference to the parties' respective wealth, disparity of financial resources, availability of insurance, personal knowledge of justness of cause, jury verdicts or

settlements in other cases, improper statements of law, and urging the jury to "send a message" should be prohibited. Plaintiff responds that it does not oppose these Motions *in Limine* if the ruling applies to both parties and all witnesses. The Court therefore grants the Motion *in Limine* pertaining to the above mentioned references.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion *in Limine*, **ECF No. [45]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this order.

2. Defendant's Motion *in Limine*, **ECF No. [41]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 8, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record